IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHELLE WANNER | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.  RDB-07-559 |
| ADELBERG, RUDOW, DORF & HENDLER, LLC, *et al.* | * | |
| | * | |
| Defendants | | |
| | * | |

\* \* \* \* \*

## **MEMORANDUM OPINION**

This action arises essentially from a dispute over healthcare coverage and claims of discrimination.  On March 2, 2007, *pro se* Plaintiff Michelle Wanner ("Plaintiff") filed her Complaint in this Court against Adelberg, Rudow, Dorf & Hendler, LLC ("ARD&H"), First Financial Resources ("FFR"), and Carefirst Bluechoice ("CareFirst").  On May 24, 2007, Defendant FFR filed a Motion to Dismiss (Paper No. 21) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and in the alternative pursuant to Rule 56(b).  (Def.'s Mem. Supp. Mot. Dismiss 1.)  FFR seeks dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED.

**I.      Default Judgment Against FFR**

Initially, Defendant FFR's Motion to Dismiss requested that this "Court recognize the correct date that . . . First Financial Resources was served with process (May 11, 2007), rather than the incorrect date (April 11, 2007) and rescind its Order that Plaintiff file and serve a motion for default judgment."  (Def.'s Mem. Supp. Mot. Dismiss 2.)  This Court acknowledges

that the April 11, 2007 service of process was sent to the wrong address, as Plaintiff conceded in her letter to this Court received May 10, 2007.  (Paper No. 17.)  The Court further recognizes that Defendant FFR was served on May 11, 2007.  (Paper No. 20; *see also* Def.'s Mem. Supp. Mot. Dismiss Ex. 1, 2.)  Consequently, this Court's previous Order that Plaintiff file and serve a motion for default judgment is VACATED.

**II.     Motion to Dismiss**

Pending before this court is Defendant FFR's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001).  The Supreme Court recently explained that a complaint need not assert "detailed factual allegations" but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).   The short and plain statement of the claim must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* at 1964 (citation omitted).  "[W]hen the allegations in a complaint, however true, could not

---

[1] Because this Court has only reviewed the sufficiency of Plaintiff's Complaint without looking to extrinsic evidence, Defendant FFR's motion will be treated as a motion to dismiss under Rule 12(b)(6).

raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* at 1966 (citation and internal quotations omitted).

Defendant argues that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted because FFR is not referenced anywhere in the body of the Complaint and the relief sought is directed toward Defendant ARD&H. (Def.'s Mem. Supp. Mot. Dismiss ¶ 3.) This Court agrees that Plaintiff's Complaint does not allege any claims against Defendant FFR. Other than in the case caption, FFR is not even mentioned in the body of the Complaint, which also fails to state any facts under which FFR could be liable. Although detailed factual allegations are not necessary in accordance with *Twombly*, allegations must in fact be asserted, and in her Complaint, Plaintiff failed to do so as to Defendant FFR. Even in light of the liberal pleading standard, Plaintiff has failed to assert any allegations against this Defendant.

Moreover, the relief sought by Plaintiff is not directed at Defendant FFR. Plaintiff's Complaint seeks $59,302.34 in money damages, none of which are sought against FFR. The request for money damages is divided among claims against ARD&H and CareFirst for the failure to provide necessary health insurance information to Plaintiff under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. §§ 1161 *et seq*., and against ARD&H for various claims relating solely to Plaintiff's employment at the law firm. In addition to money damages, Plaintiff also requests that this Court declare that ARD&H has lost their "tax-favored treatment" because of the alleged COBRA violation, and that ARD&H issue a formal apology to Plaintiff. Therefore, not only has Plaintiff failed to plead any facts

3

demonstrating an "entitlement to relief," *Twombly*, 127 S. Ct. at 1966, but Plaintiff has also failed to even request relief against FFR.[2]

In conclusion, Plaintiff failed to raise a claim upon which relief can be granted and, consequently, Defendant's Motion to Dismiss is GRANTED.

/s/

Richard D. Bennett
United States District Judge

Date: November 14, 2007

---

[2] Plaintiff, for the first time, names FFR in Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss. In that motion, Plaintiff appears to advance claims against FFR grounded in state law, including alleged violations of the Maryland Wage Payment and Collection Law, Md. Code, Labor and Employment, §§ 5-501–508 (*see* Pl.'s Opp'n Def.'s Mot. Dismiss ¶ 1) and alleged acts of negligence (*see, e.g., id.* ¶¶ 2-4, 11, 15). These allegations are insufficient to overcome Plaintiff's failure to state a claim for which relief can be granted in the Complaint. Plaintiff cannot retroactively bootstrap to the deficient Complaint allegations raised for the first time in response to FFR's Motion to Dismiss.